

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

**FAGAN DICKSON**
FIRST ASSISTANT

July 10, 1948

Hon. Gibb Gilchrist, President
Texas A. & M. College
College Station, Texas

Opinion No. V-632

Re: Appointment of Chancellor
of A. & M. System.

Dear President Gilchrist:

You have informed us that the Board of Directors of the Agricultural and Mechanical College of Texas (referred to herein as A. & M.) desires to change the administrative procedure in carrying out its policies in the various colleges and agencies entrusted to it by the Legislature. These institutions include Texas A. & M.[1], John Tarleton Agricultural College[2], North Texas Junior Agricultural College[3] (referred to as N. T. A. C.), Prairie

---

[1] Art. 2610: "The government of the Agricultural and Mechanical College shall be vested in a Board of Directors . . ."

[2] Art. 2616: "The government and direction . . . of the John Tarleton Agricultural College . . . shall be vested in the Board of Directors of the Agricultural and Mechanical College of Texas."

[3] N. T. A. C. is now operating exclusively under the A. & M. Board of Directors. Art. 2620 provides that N. T. A. C. shall be under the Board of Directors of A. & M., which is designated as "the supervisory board." The statute also contemplates a local board of five citizens appointed by the Governor, subject to the approval of the supervisory board. The local board "shall perform all the duties required in the management of said College in like manner as governing board of the same character." Art. 2622 further provides that "the local board, in connection with the supervisory board, shall appoint a president and professors of said college and

View A. & M.[4], several experimental stations and extension services, the Texas Forest Service, the Firemen's Training School, and the Rodent Control Service[5].

The Board proposes to appoint an executive officer to be known as a "Chancellor." Under the Chancellor will be the presidents of the colleges and directors of the other agencies. Several reasons for such change are cited in a report of a joint legislative committee of the House and Senate of the 50th Legislature, which report is cited in the note below.[6] On behalf of the

------------------------------------

[3] (cont'd)
such officers as they may think proper and necessary to put the same into successful operation, and make such rules and regulations . . . as they may deem advisable." The local board has not been appointed or acted for several years for reasons not relevant here. Apparently, having two governing boards for one institution was not without its difficulties and conflicts. For purposes of this opinion, it will be assumed that the government and direction of N. T. A. C. is under its supervisory board, the Board of Directors of A. & M. This opinion is here qualified to the extent that further consideration will be necessary in the event a local board at N. T. A. C. is appointed and qualifies for service.

[4] Art. 2638: Prairie View "shall be under the control and supervision of the Board of Directors of the Agricultural and Mechanical College . . ."

[5] Arts. 2613, 2613b, 2615a, and 8309b.

[6] The majority Report reads: ". . . The administration and conduct of the College activities is exclusively under the jurisdiction and supervision of the Board of Directors.

"Doubtless there might well be considered the matter of revision of the administration of the system with a view to the streamlining thereof. Some economies in operations might thereby be effected. This, of course, under the law, is within the discretion of the Board of Directors. It may be that the far-flung and ever-increasing activities of the A. & M. College have become so vast, and its services so varied, that no one individual can direct its operations with full famil-

Board, you request an opinion as to the Board's authority for such action, and the validity of two rules or regulations putting such policy into action.

Two rules making such change are:

"Chapter II, Section 1
General Organization

"a. For the purposes of administration, the Agricultural and Mechanical College of Texas and all Colleges, Services, and Agencies under the jurisdiction of the Board of Directors of the Agricultural and Mechanical College of Texas shall constitute the Texas Agricultural and Mechanical College System, consisting of the following: The Agricultural and Mechanical College of Texas; The North Texas Agricultural College; The John Tarleton Agricultural College; The Prairie View Agricultural and Mechanical College of Texas; The Texas Agricultural

---

6 (cont'd)
iarity of its several services, requisite for the most effective functioning thereof.

"The Committee suggests, therefore, that the Board of Directors could properly give consideration to the possibility of creating the Office of Chancellor of the College System. He would, under such a program, then assume the overall direction of the entire system, including, as it does, the graduate and undergraduate schools of the Main College, the North Texas Agricultural College, John Tarleton Agricultural College, Prairie View A. & M., the Extension Service, Experiment Stations, Field Laboratories, Rodent Control Service, Texas Forest Service, and the Firemen's Training School. The President of the Main College of Arts and Sciences, thus relieved of the many outside duties now required of him, would be free to devote his full time to the direction of the educational training, its student relations and related activities normally expected of a college president in the accepted sense of the term. These recommendations are made to the Board of Directors which has the sole authority to adopt or reject them." (Senate Journal, 50th Legislature, 1947, page 1519.)

Experiment Station; The Texas Agricultural Extension Service; The Texas Engineering Experiment Station; The Texas Engineering Extension Service; The Texas Forest Service; The Firemen's Training School; The Rodent Control Service; Other Agencies and Services as may be authorized.

"b. The executive head of the Texas Agricultural and Mechanical College System shall be a Chancellor. He is authorized and directed to administer the Colleges, Agencies, and Services of the System through an executive officer in charge of each. The executive in charge of each College shall be designated as President. The executive in charge of each Agency and Service shall be designated as Director.

"Chapter III, Section 1
<u>Appointments</u>

"a. The Chancellor of the Texas Agricultural and Mechanical College System shall be appointed by the Board of Directors and shall hold office without term subject to the pleasure of the Board. The Vice-Chancellors, the Comptroller, and the Business Manager of the System; the Presidents of the Colleges and Deans; Directors and Vice-Directors of Agencies and Services; and any other general officials provided by law or authorized by the Board of Directors shall be appointed by the Board pursuant to nomination by the Chancellor.

"b. All other officials, teachers, and employees shall be appointed by the respective President or Director with the advice and approval of the Chancellor subject to confirmation of the Board of Directors. Teachers and employees shall be subject to dismissal for cause at any time by the President or Director subject to review by the Chancellor with the right of appeal to the Board of Directors."

The Legislature having invested the direction of these institutions and activities in the Board of Directors of A. & M., the Board may not delegate such authority. But it may appoint agents, and may enforce its policies through them.

Article 2613 empowers the Board to employ, for A. & M., such officers as it thinks proper.[7] Such power is expressed or implied in the Board's direction of the other agencies. The Board is therefore empowered to employ an executive officer, to carry out its policies, and to call that officer a "Chancellor" if it so desires. Having determined and set the policies as to the government and management of the various institutions, the Board may direct the Chancellor "to administer the Colleges, Agencies, and Services" through an executive officer in charge of each (to be known as a President or Director). The Board, therefore, has the authority to issue the first regulation (Ch. II, Sec. 1, a and b.). It is a valid order.

The second regulation deals with the appointment of officers and employees of the Colleges and agencies (referred to as "the System"). The power of appointment is given by the Legislature to the Board of Directors of A. & M. College. It cannot be delegated. But the Board may accept nominations from the Chancellor and act thereon.

Provision is made for the appointment of other minor officials and employees by the Chancellor or the President or Director of the agency involved, "subject to confirmation of the Board of Directors." It was held in Opinion No. O-6037, by the Honorable Fagan Dickson, addressed to the President of the Board of Directors of A. & M. College that:

"The appointment of these persons (officers and professors) involves the exercise

---

[7]Art. 2613: "The Board of Directors is charged with the duties and empowered to do and perform the acts hereinafter set forth as follows: (1) The board shall, when necessary, appoint the president and professors of the college and such other officers as, from time to time, they may think proper to keep the college in successful operation, and may from time to time abolish any office that is in their judgment unnecessary."

of discretion; and since the statute imposes the duty to make such appointments on the Board of Directors, the law prohibits a delegation of the power . . .

"It is our further opinion that the words 'subject to confirmation of the Board of Directors' . . . would correct the suggested rule."

Following that opinion, we hold that the appointment of persons "subject to confirmation by the Board of Directors" is not an unconstitutional delegation of power and is a valid provision.

The final regulation of the Board is that "teachers and employees shall be subject to dismissal for cause . . . by the President or Director, subject to review by the Chancellor with the right of appeal to the Board of Directors."

The power and duty of the Board to remove or dismiss such persons is vested in the Board by necessary implication from the statutes. Here again there is a question of delegation of power. The Board, having the power and duty to employ has the power to dismiss or remove, and it may not delegate that power. The matter of employment, however, is generally a matter of contract between the institution or agency and the person employed. The length of the employment is or may be set by agreement, and the matter of dismissal may likewise be subject to contractual provisions. However, the regulation in question vests removal powers in other persons than the Board of Directors. The same principle was involved in Opinion No. O-5252, addressed to the Board of Regents of The University of Texas, a copy of which is here enclosed. It was there held that while the Board's rule was that professors would not be dismissed without a hearing before a faculty committee, the recommendation of such committee could be advisory only. The decision as to dismissal must be made by the Board.

It is therefore recommended, as in Opinion No. O-6037, that the dismissal of teachers and employees for cause be made "subject to confirmation of the Board of Directors" in addition to being subject to review by the Chancellor.

This opinion is not to be construed as commenting in any manner on the "tenure" problem of any professor

or employee. The regulations here make such persons removable "for cause." The statutes place the power to employ and discharge in the Board. The matter of providing hearings and other self-imposed limitations on discharge is a matter of internal policy of the institutions and is not within the scope of this opinion.

SUMMARY

The Board of Directors of A. & M. College may appoint an agent, to be known as a "Chancellor", to carry out its policies in the government of the colleges and other agencies committed to its management by the Legislature. Such Chancellor may carry out the Board's policies through presidents and directors of the various colleges and agencies. The appointment and removal of the presidents, directors, professors, and other officers of the Texas A. & M. College System shall be made subject to confirmation by the Board of Directors.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Joe R. Greenhill

Joe R. Greenhill
Executive Assistant

JRG:erc

APPROVED:

Fagan Dickson

FIRST ASSISTANT
ATTORNEY GENERAL